LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Koepke, Julie Ann

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Case No. 26-50211
CHAPTER 13 PLAN ☑ Modified
Dated 08/13/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$1,231.00** (including balance on hand of **$1,119.09**).

2.2 After the date of this plan, the debtor will pay the trustee: **$350,325.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $915.00 | 5 (08/2026) | 59 (02/2031) | 55 | $50,325.00 |
| $300,000.00 | 60 (03/2031) | 60 (03/2031) | 1 | $300,000.00 |
| | | | PART 2.2 SUBTOTAL: | **$350,325.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ______.

2.5 The debtor will pay the trustee a total of **$351,556.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: *** see part 15**.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$35,155.60** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| | **None** | |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payme nts | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Fay Servicing Llc | 6240 Homestead Road Duluth, MN 55804<br><br>Legal Description: E 1/2 of SW 1/4 of NE 1/4, Section 27, Township 52 North of Rangew 12 West of the 4th PM, EXCEPT the South 990' thereof. | $46,189.32 | | 08/26 | $724.81 | 1 | $46,127.03 | $0.00 | $46,127.03 |
| | | | | | 09/26 | $391.45 | 7 | | | |
| | | | | | 04/27 | $647.88 | 1 | | | |
| | | | | | 05/27 | $724.81 | 47 | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $1,347.00 | | ☐ Trustee<br>☑ Debtor | | | | $0.00 | |
| | | | | | | | | | TOTAL: | **$46,127.03** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payme nts | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Internal Revenue Service | $189,569.27 | 7.00% | ❑ | 04/26 | | | $0.00 | $0.00 | $261,782.02 |
| | | | | | | | | | | |
| | | | | | | Pro-Rata | | | | |
| | | | | | | | | | TOTAL: | **$261,782.02** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Internal Revenue Service | $4,134.00 | | Pro-Rata | | $4,134.00 | $0.00 | $4,134.02 |
| 8.2 | MN Revenue | $246.55 | | Pro-Rata | | $246.55 | $0.00 | $246.73 |
| 8.3 | Attorney Fees | $4,000.00 | 08/26 | $800.00 | 1 | $4,000.00 | $0.00 | $4,000.00 |
| | | | 09/26 | $432.05 | 8 | | | |
| | | | | | | | TOTAL: | **$8,380.75** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **None** | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payme nts | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **None** | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

LOCAL FORM 3015-1
REVISED 09/2025

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $213,217.45 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $213,217.45 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 0.00% |

| | |
|---|---|
| Estimated remaining payments | |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including the complete legal description of real property)* |
|---|---|---|
| **None** | | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________. |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor’s interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee’s discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **Carlson Part 16**<br>Debtor will sell her homestead and WI land prior to the end of the plan to satisfy Fay Servicing and the IRS secured claim.<br><br>Pursuant to 11 U.S.C. §1305, a proof of claim may be filed by the Internal Revenue Service (IRS) for taxes that become payable while the case is pending. The trustee shall only pay 11 U.S.C. §1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.<br>The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.<br>APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $35,155.60 |
| Maintenance of payments and cure of default, if any [Part 5] | $46,127.03 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $261,782.02 |
| Priority claims [Part 8] | $8,380.75 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $110.60 |
| TOTAL (must equal line 2.5) | $351,556.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Margaret R. Henehan**
Margaret R. Henehan
Attorney for debtor
Bar Number: 0395419
Kain + Henehan LLC
808 West St Germain St
Saint Cloud, MN 56301
Phone: (612) 438-8006
Email: margaret@kainhenehan.com

Signed: **s/ Julie Ann Koepke**
Julie Ann Koepke
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No: 26-50211

Chapter 13

Koepke, Julie Ann,

Debtors.

---

# NOTICE OF CONFIRMATION HEARING

---

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled for Thursday, September 17, 2026, at 9:00 a.m. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Any objection to the modified plan filed shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this, August 14, 2026.

KAIN + HENEHAN

/s/ MARGARET R. HENEHAN-#0395419
Attorney for Debtor(s)
2299 Waters Drive
Mendota Heights, MN 55120
(612) 438-8006
margaret@kainhenehan.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:
KOEPKE, JULIE ANN,

CASE NO: 26-50211

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 13

On 8/14/2026, I did cause a copy of the following documents, described below,

NOTICE OF CONFIRMATION HEARING

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/14/2026

/s/ Margaret Henehan
Margaret Henehan 0395419

Kain + Henehan
2299 Waters Drive
Mendota Heights, MN 55120
612-438-8006
margaret@kainhenehan.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

KOEPKE, JULIE ANN,

CASE NO: 26-50211

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 8/14/2026, a copy of the following documents, described below,

NOTICE OF CONFIRMATION HEARING

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/14/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Margaret Henehan
Kain + Henehan
2299 Waters Drive
Mendota Heights, MN 55120

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 26-50211
DISTRICT OF MINNESOTA
FRI AUG 14 9-59-43 PST 2026

(P)MCCALLA RAYMER LEIBERT PIERCE LLC
ATTN ATTN WENDY REISS
1544 OLD ALABAMA ROAD
ROSWELL GA 30076-2102

~~EXCLUDE~~

~~DULUTH~~
~~404 GERALD W HEANEY FEDERAL BUILDING~~
~~AND US COURTHOUSE AND CUSTOMHOUSE~~
~~515 WEST FIRST STREET~~
~~DULUTH MN 55802-1301~~

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

AMEX
CORRESPONDENCEBANKRUPTCY
PO BOX 981540
EL PASO TX 79998-1540

ATTORNEY FEES
808 WEST ST GERMAIN ST
SAINT CLOUD MN 56301-3508

(P)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CREDIT COLLECTION SERVICES
ATTN BANKRUPTCY
725 CANTON ST
NORWOOD MA 02062-2679

CREDIT ONE BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

DISCOVERCARD
PO BOX 30939
SALT LAKE CITY UT 84130-0939

FAY SERVICING LLC
FAY SERVICING ATTN BANKRUPTCY DEPT PO
FARMERS BRANCH TX 75381

INTERNAL REVENUE SERVICE
GENERAL INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

LVNV FUNDING LLCRESURGENT CAPITAL SERVICES
RESURGENT CORRESPONDENCE ATTN BANKRUPT
GREENVILLE SC 29602

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

MN REVENUE
BANKRUPTCY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

MIDLAND CREDIT MANAGEMENT INC
PO BOX 2037
WARREN MI 48090-2037

ONEMAIN FINANCIAL GROUP LLC
PO BOX 3251
EVANSVILLE IN 47731-3251

(P)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

SPRINGLF FIN
PO BOX 1010
EVANSVILLE IN 47706-1010

TARGET NB
CO WEINSTEIN RILEY PS
749 GATEWAY
SUITE G-601
ABILENE TX 79602-1196

US BANK TRUST NATIONAL ASSOCIATION ET AL
FAY SERVICING LLC
PO BOX 814609
DALLAS TX 75381-4609

~~EXCLUDE~~

~~US TRUSTEE~~
~~1015 US COURTHOUSE~~
~~300 S 4TH ST~~
~~MINNEAPOLIS MN 55415-3070~~

DEBTOR

JULIE ANN KOEPKE
6240 HOMESTEAD ROAD
DULUTH MN 55804-9645

~~EXCLUDE~~

~~KYLE CARLSON~~
~~CHAPTER 13 TRUSTEE~~
~~PO BOX 519~~
~~BARNESVILLE MN 56514-0519~~

~~EXCLUDE~~

~~MARGARET R HENEHAN~~
~~KAIN HENEHAN LLC~~
~~808 WEST ST GERMAIN ST~~
~~PO BOX 1537~~
~~ST CLOUD MN 56302-1537~~